UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JOSE RODRIGUEZ, On Behalf of                        Case No:
Himself and All Others Similarly Situated,


                                    Plaintiff,

            -vs.-

                                                    **COMPLAINT**

1189 WEBSTER CAR WASH, CORP., MOE'S
MAGIC WASH LLC, ISMAEL POPOTER,
JENNELYN POPOTER and MOHAMMED
NAZZAL,

                                    Defendants.
-------------------------------------------------------X


Plaintiff, JOSE RODRIGUEZ, by and through his attorneys, the LAW OFFICES OF

WILLIAM CAFARO, complaining of the Defendants, hereby alleges as follows:

Plaintiff, JOSE RODRIGUEZ, (hereinafter "Mr. Rodriguez" or "Plaintiff

Rodriguez"), on behalf of himself and all others similarly situated (collectively as "FLSA

Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through his attorneys, THE LAW OFFICES

OF WILLIAM CAFARO, as and for his Complaint against 1189 WEBSTER CAR WASH,

CORP., (hereinafter "1189 Webster Car Wash"), MOE'S MAGIC WASH LLC, (hereinafter

"Moe's Magic Wash"), ISMAEL POPOTER, (hereinafter "Ismael"), JENNELYN

POPOTER, (hereinafter "Jennelyn") and MOHAMMED NAZZAL, (hereinafter

"Mohammed") (together as Defendants"), alleges upon knowledge as to himself and his own

actions and upon information and belief as to all other matters as follows:


### ***THE PARTIES***

1.      Plaintiff JOSE RODRIGUEZ is an individual residing in the Bronx, New

York.

2.      Upon information and belief, Defendant 1189 WEBSTER CAR WASH, CORP., (hereinafter "1189 Webster Car Wash") was and is a domestic business corporation whose principal place of business is located at 1189 Webster Avenue, Bronx, NY 10456.

3.      Upon information and belief, Defendant MOE'S MAGIC WASH LLC, (hereinafter "Moe's Magic Wash") was and is a Foreign Limited Liability Company whose principal place of business is located at 1189 Webster Avenue, Bronx, NY 10456.

4.      Upon information and belief, Defendant ISMAEL POPOTER, (hereinafter "Ismael") is an individual, whose actual place of business is located at 1189 Webster Avenue, Bronx, NY 10456.

5.      Upon information and belief, at all times herein pertinent, Defendant Ismael served as a principal, officer and/or manager of Defendant 1189 Webster Car Wash and Moe's Magic Wash.

6.      Upon information and belief, Defendant JENNELYN POPOTER, (hereinafter "Jennelyn") is an individual, whose actual place of business is located at 1189 Webster Avenue, Bronx, NY 10456.

7.      Upon information and belief, at all times herein pertinent, Defendant Jennelyn served as a principal, officer and/or manager of Defendant 1189 Webster Car Wash and Moe's Magic Wash.

8.     Upon information and belief, Defendant MOHAMMED NAZZAL, (hereinafter "Mohammed") is an individual, whose actual place of business is located at 1189 Webster Avenue, Bronx, NY 10456.

9.     Upon information and belief, at all times herein pertinent, Defendant Mohammed served as a principal, officer and/or manager of Defendant 1189 Webster Car Wash and Moe's Magic Wash.

10.     Prior to the filing of this Complaint, Defendant Ismael was served with a Notice pursuant to N.Y. Bus. Corp. Law § 630 and § 609.

11.     Prior to the filing of this Complaint, Defendant Jennelyn was served with a Notice pursuant to N.Y. Bus. Corp. Law § 630 and § 609.

12.     Prior to the filing of this Complaint, Defendant Mohammed was served with a Notice pursuant to N.Y. Bus. Corp. Law § 630 and § 609.

13.     Upon information and belief, for the calendar year 2015 the gross receipts of 1189 Webster Car Wash were not less than $500,000.00.

14.     Upon information and belief, for the calendar year 2016 the gross receipts of 1189 Webster Car Wash were not less than $500,000.00.

15.     Upon information and belief, for the calendar year 2017 the gross receipts of 1189 Webster Car Wash were not less than $500,000.00.

16.     Upon information and belief, for the calendar year 2018 the gross receipts of 1189 Webster Car Wash will not be less than $500,000.00.

17.     Upon information and belief, for the calendar year 2015 the gross receipts of Moe's Magic Wash were not less than $500,000.00.

18.     Upon information and belief, for the calendar year 2016 the gross receipts of Moe's Magic Wash were not less than $500,000.00.

19.     Upon information and belief, for the calendar year 2017 the gross receipts of Moe's Magic Wash were not less than $500,000.00.

20.     Upon information and belief, for the calendar year 2018 the gross receipts of Moe's Magic Wash will not be less than $500,000.00.

21.     Upon information and belief, the two corporate defendants, 1189 Webster Car Wash and Moe's Magic Wash are operated under common ownership and under common management for a joint business purpose, as a joint enterprise.

4

22.    Upon information and belief, the defendants Ismael, Jennelyn and Mohammed own the beneficial interest in the defendants 1189 Webster Car Wash and Moe's Magic Wash.

23.    Upon information and belief, the defendants Ismael, Jennelyn and Mohammed conduct substantially all the management function of the defendants, 1189 Webster Car Wash and Moe's Magic Wash.

24.    Upon information and belief, the aggregate gross receipts of 1189 Webster Car Wash and Moe's Magic Wash, exceeded $500,000.00 in each of the calendar years 2015 through 2018, inclusive.

25.    1189 Webster Car Wash and Moe's Magic Wash have the same owners and management, the individual defendants herein.

### *JURISDICTION AND VENUE*

26.    Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and related New York State Department of Labor regulations.

27.    Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## COLLECTIVE ACTION ALLEGATIONS

28.    Plaintiff seeks to bring this suit to recover from Defendants his full payment of all unpaid minimum wage and overtime compensation and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as non-managerial employees who give consent to file a claim to recover damages for minimum wage compensation that is legally due to them and/or overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

29.    Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were not paid the statutory minimum wage rate; (5) were required to work in excess of forty hours each workweek; and (6) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

30.    At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendants purposefully chose not to do so.  Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA.

### RULE 23 CLASS ALLEGATIONS

31.    In addition, Plaintiff seeks to maintain this action as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3), on his own behalf, individually, as well on behalf of those who are similarly-situated who the Defendants subjected to violations of the NYLL and the NYCCRR during the applicable statutory period.

32.    Under FRCP 23(b)(3), a plaintiff must plead that:

a. The class is so numerous that joinder is impracticable;

b. There are questions of law or fact common to the class that

   predominate over any individual questions of law or fact;

c. Claims or defenses of the representative are typical of the class;

d. The representative will fairly and adequately protect the class; and,

e. A class action is superior to other methods of adjudication.

33.    The Rule 23 Class that Plaintiff seeks to define includes:

Current and former employees of Defendant who, during the applicable NYLL limitations period, performed any work for Defendants as non-

7

managerial employees who: (1) were not paid at the minimum wage; and/or (2) worked in excess of forty hours per week without receiving overtime compensation; and/or (3) were not issued accurate or any pay stubs/wage statements on each payday containing the information that N.Y. Lab. Law § 195(3) requires; and/or (4) were not issued wage notices at the time of their hire, or at any time thereafter as required by N.Y. Lab. Law § 195(1) ("Rule 23 Plaintiffs").

### Numerosity

34.    During the previous six years, Defendants have employed, in total, at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

35.    There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; whether the Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the minimum wage rate; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one half times their respective straight-time rates of pay for all hours worked per week over forty; whether the Defendants compensated or compensate each Rule 23 Plaintiff for any spread of hours pay at the at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours; whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3);

whether the Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages.

### Typicality of Claims and/or Defenses

36.      As described in the background facts section below, Defendants, despite the title that they assigned to Plaintiff, employed Plaintiff as a non-managerial, non-exempt employee. Plaintiff s claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work, and/or have worked for Defendants in excess of forty hours per week, as non-managerial employees, without being paid minimum wage or overtime compensation.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at the statutory minimum wage rate, at a rate of one and one-half times their straight time rates for all hours worked per week in excess of forty, and spread of hours, and to be furnished with accurate wage statements and wage notices.  Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations.  Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiff s claims and/ or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendant's defenses to those claims.

**Adequacy**

37.     Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants.  The Defendants did not pay Plaintiff minimum wage, overtime pay for his hours worked over forty each week, or spread of hours, which is substantially-similar to how the Defendants paid the Rule 23 Plaintiffs.  Plaintiff is no longer employed with the Defendants, and thus has no fear of retribution for his testimony.  Plaintiff fully anticipates testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer.  Thus, Plaintiff would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

**Superiority**

38.     Plaintiff has no, or few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

39.     Any lawsuit brought by an employee of the Defendants for the same violations alleged herein would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

40.     Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this matter is properly maintainable as a Class Action under FRCP 23(b)(3).

10

41.     Additionally, Plaintiffs' counsel has substantial experience in this field of law.

## *FACTUAL ALLEGATIONS*

42.     At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

43.     At all times herein pertinent, and in the course of his duties, Plaintiff regularly handled products which had been moved in commerce, including, but not limited to, towels, brushes, soap, vacuums and various vehicle cleaning products and/or mechanisms.

44.     Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to any matters of significance.

45.     1189 Webster Car Wash operates as a car wash and detailing.

46.     Moe's Magic Wash operates as a car wash and detailing.

47.     Mr. Rodriguez was employed by the Defendants beginning on or about March 29, 2015 and worked until on or about July 3, 2017.

48.     Mr. Rodriguez was assigned various duties including but not limited to preparing vehicles before running through car wash mechanism and vacuuming.

49.     From on or about March 29, 2015 until on or about January 1, 2017, Mr. Rodriguez worked six days a week from Fridays through Wednesdays, inclusive from 7:00AM until 8:00PM.

50.     From on or about January 2, 2017 until his termination, Mr. Rodriguez maintained the same hours and number of days of work except for having Sunday off as opposed to Thursday.

51.     From on or about March 29, 2015 until on or about January 1, 2017, Defendants paid Mr. Rodriguez $7.00 per work hour for his first 40 hours and $7.00 per hour for all hours over 40.

52.     From on or about January 2, 2017 until his termination on or about July 3, 2017, Defendants paid Rodriguez an hourly rate of $7.95 per work hour for his first 40 hours but continued paying him only $7.00 per hour for all hours over forty.

53.     Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one-half times his regular rate of pay for those hours.  For example, from February 6, 2017 through February 11, 2017, Plaintiff worked 78 hours and Defendants paid him $7.95 for his first 40 hours of work and only $7.00 per hour for all hours over forty.

54.     Plaintiff did not receive the statutory minimum wage for all hours worked.

55.    Defendants failed to pay Plaintiff spread of hours pay.

56.    Upon information and belief, Defendants Ismael, Jennelyn and Mohammed, each had the power to hire employees at 1189 Webster Car Wash and Moe's Magic Wash.

57.    Upon information and belief, Defendant Ismael hired Mr. Rodriguez on or about March 29, 2015.

58.    Upon information and belief, Defendants Ismael, Jennelyn and Mohammed, each had the power to fire employees at 1189 Webster Car Wash and Moe's Magic Wash.

59.    Defendants Ismael, Jennelyn and Mohammed, each controlled the terms of the Plaintiff's employment in that they would tell the Plaintiff what tasks to complete and on what time frame they needed to be completed.

60.    Upon information and belief, Defendants Ismael, Jennelyn and Mohammed, each controlled the work schedule of all the employees of 1189 Webster Car Wash and Moe's Magic Wash, including the Plaintiff's work schedule.

61.    Upon information and belief, the Defendants Ismael, Jennelyn and Mohammed, each controlled the rates and methods of payment of each of the employees of 1189 Webster Car Wash and Moe's Magic Wash, including the Plaintiff's pay rates and methods of pay.

13

62.     At all times herein pertinent, the Plaintiff performed his duties for Defendants 1189 Webster Car Wash and Moe's Magic Wash at the direction and under the control of Ismael, Jennelyn and Mohammed.

63.     Upon information and belief, and at all times herein pertinent, Defendants Ismael, Jennelyn and Mohammed each exercised close control over the managerial operations of 1189 Webster Car Wash and Moe's Magic Wash, including the policies and practices concerning employees.

64.     At all times herein pertinent, Defendants Ismael, Jennelyn and Mohammed each controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of 1189 Webster Car Wash and Moe's Magic Wash in general, and with respect to the Plaintiff in particular.

65.     At all times herein pertinent, Defendants Ismael, Jennelyn and Mohammed each acted as the Plaintiff's employer within the meaning of the FLSA and the New York State Labor Law.

66.     The Defendants did not create or maintain records showing the precise number of hours Plaintiff worked or of wages earned.

67.    Plaintiff alternatively allege that Defendants created records showing the number of hours Plaintiff worked and/or of wages earned, but upon information and belief, has not maintained them as required by law.

### *AS AND FOR A FIRST CAUSE OF ACTION*
### *FEDERAL FAIR LABOR STANDARDS ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(MINIMUM WAGE)*

68.    Plaintiff hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

69.    The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect the Plaintiff.

70.    Defendants have failed to pay the proper statutory minimum wage to which he has been entitled under the FLSA.

71.    Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff.

72.    Due to Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

15

73.     As a result of Defendants' violations of the FLSA, Plaintiff has been deprived of the proper minimum wage compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**
**FEDERAL FAIR LABOR STANDARDS ACT**
**AGAINST THE DEFENDANTS, AND EACH OF THEM**
**(OVERTIME)**

74.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

75.     Defendants were required to directly pay the Plaintiffs an overtime premium of one and one half times the Plaintiffs regular rate of pay for all hours worked over forty (40) in a given workweek.

76.     Defendants failed to pay the Plaintiffs the overtime wages to which the Plaintiffs were entitled under the FLSA.

77.     All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

**AS AND FOR A THIRD CAUSE OF ACTION**
**NEW YORK STATE LABOR LAW**
**AGAINST THE DEFENDANTS, AND EACH OF THEM**
**(FAILURE TO PAY MINIMUM WAGE)**

78.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

79.     At all times herein pertinent, Plaintiff was an employee of Defendants within the meaning of the New York Labor Law.

80.     Defendants are joint employers of the Plaintiff within the meaning of the New York Labor Law.

81.     The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

82.     Defendants have failed to pay the Plaintiff the proper minimum wages to which he was entitled under the New York Labor Law.

83.     By Defendants' failure to pay the Plaintiff proper minimum wages for hours worked up to the first 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

84.     Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## AS AND FOR A FOURTH CAUSE OF ACTION
## STATE WAGE AND HOUR LAW
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## (OVERTIME)

85.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

86.     Defendants have failed to pay Plaintiff the overtime premium of one and one half times the Plaintiff's regular rate of pay for all hours worked above forty in a given work week, to which the Plaintiff is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

87.     Defendants herein knowingly and in bad faith violated Articles 6 & 19 of the New York State Labor Law and supporting New York State Department of Labor regulations by failing to pay the Plaintiff overtime pay at the premium rate of one and one half times Plaintiff's regular rate of pay.

## AS AND FOR A FIFTH CAUSE OF ACTION
## STATE WAGE AND HOUR LAW
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## (FAILURE TO PAY SPREAD OF HOURS)

88.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

18

89.     The Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 142-2.4, by failing to pay Plaintiff, one additional hour of pay at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

90.     Through their knowing or intentional failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, § § 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

91.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

### *AS AND FOR A SIXTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PROVIDE ANNUAL WAGE NOTICES)*

92.     Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

93.     Defendants have willfully failed to furnish the Plaintiff with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the

minimum wage, including tip, meal, or lodging allowances; the regular pay day designated

by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any

"doing business as" names used by the employer; the physical address of the employer's main

office or principal place of business, and a mailing address if different; the telephone number

of the employer; plus such other information as the commissioner deems material and

necessary.

94.     Through their knowing or intentional failure to provide the Plaintiff with the

annual wage notices required by the NYLL, Defendants have willfully violated NYLL,

Article 6, §§ 190 et seq., and the supporting New York State Department of Labor

Regulations.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### NEW YORK STATE LABOR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PROVIDE WAGE STATEMENTS

95.     Plaintiff hereby incorporates all preceding paragraphs of this complaint with

the same force and effect as if fully set forth at length.

96.     Defendants have willfully failed to furnish the Plaintiff with statements with

every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work

covered by that payment of wages; name of employee; name of employer; address and phone

number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift,

day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any,

claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

97.    Through their knowing or intentional failure to provide the Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

### AS AND FOR A EIGHTH CAUSE OF ACTION
### NEW YORK STATE LABOR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (RECORD KEEPING VIOLATIONS)

98.    The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

99.    Defendants failed to make, keep, and preserve accurate records with respect to the plaintiffs, including hours worked each workday, total hours worked each workweek, of wages or tips earned, as required by Article 19, §§ 650 *et seq.,* and supporting regulations, including 12 NYCRR § 146-2.1.

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

  a)  A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

21

b) Preliminary and permanent injunctions against Defendants and their agents, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c) An order restraining Defendants from any retaliation against any individual for participating in any form in this lawsuit;

d) Designation of this action as a FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e) All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for the Defendants' unlawful payment practices;

f) Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

g) Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

h) Designation of Plaintiff and his counsel as collective action representatives under the FLSA and the FRCP;

i) Pre-judgment and post-judgment interest, as provided by law; and

j) Granting Plaintiff other and further relief as this Court finds necessary and

proper.

Dated: New York, New York
       July 10, 2018

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

Louis M. Leon (LL 2057)
*Attorneys for Plaintiff*
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
LLeon@Cafaroesq.com

To:

1189 WEBSTER CAR WASH, CORP.
1189 Webster Avenue
Bronx, NY 10456

MOE'S MAGIC WASH LLC
1189 Webster Avenue
Bronx, NY 10456

ISMAEL POPOTER
1189 Webster Avenue
Bronx, NY 10456

JENNELYN POPOTER
1189 Webster Avenue
Bronx, NY 10456

MOHAMMED NAZZAL
1189 Webster Avenue
Bronx, NY 10456